✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
v.
__TOMMY GLENN CARROLL__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 cr 84

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐ a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*  *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 cr 84**

**UNITED STATES OF AMERICA,**

Vs.                                                                 **ADDENDUM TO
DETENTION ORDER**

**TOMMY GLENN CARROLL.**

_____

**I.   FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II**.                                                                   **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). These offenses are considered to be crimes of violence in the Western District of North Carolina. Both of the offenses involve firearms.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. On two occasions, the defendant sold firearms to an undercover officer working to assist the ATF.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant resides in Fountain Inn, SC with his mother and stepfather. He provides assistance to his mother and stepfather who are of advanced age and who are in ill health. At the present time the defendant is not employed, but he has had recent employment. The defendant appears to be in poor physical condition. He underwent back surgery on November 12, 2009 and he also has emotional problems and has been treated in the past for bi polar and post traumatic stress disorder. The defendant has a long history of marijuana and cocaine abuse and has used marijuana and cocaine since he was approximately age 11. The defendant's last reported use of marijuana was November 16, 2009 and he used cocaine also sometime around or about November 16, 2009. An initial urinalysis test on November 18, 2009 showed that the defendant tested positive for the presence of cocaine, marijuana and opiates. The defendant's criminal history consist of the following convictions:

| Offense | Conviction Date |
|---|---|
| Assault and battery with intent to kill, SC | 10/15/90 |
| Driving under the influence, SC | 01/11/94 |
| Failure to stop for a law enforcement vehicle, SC | 01/11/94 |
| Driving while license suspended, SC | 01/11/94 |
| Driving under the influence, SC | 03/17/98 |
| Driving while license revoked, SC | 03/17/98 |
| Driving under the influence, SC | 08/26/99 |
| Resisting arrest, SC | 09/04/98 |
| Obtaining prescription drugs by fraud, SC | 04/19/01 |
| Petty larceny, SC | 03/08/01 |
| 3 counts of forgery, SC | 07/07/04 |
| Forgery, SC | 08/02/05 |
| Forgery, SC | 10/03/05 |
| Criminal domestic violence of a high and aggravated nature | 10/03/05 |
| Driving while license revoked, SC | 05/21/09 |

Possession of 28 grams of marijuana or 10 grams or less of hash, 2 counts 05/21/09
No operator's license and no insurance, NC 07/16/08

The defendant's record concerning appearance at court appearances shows that the defendant has failed to appear. Particularly, the defendant failed to appear in Buncombe County, NC to a charge of no operator's license on August 4, 2008 and August 27, 2008.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has been actively involved in selling dangerous weapons despite the fact that the defendant is a convicted felon and has been involved for a long period of time in using marijuana and cocaine. The defendant has approximately 10 misdemeanor convictions and has approximately six felony convictions. This evidence convinces the court by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

    Signed: December 1, 2009

    *[signature: Dennis L. Howell]*

    Dennis L. Howell
    United States Magistrate Judge